DUFRESNE, Judge.
Plaintiff, Thomas Mason, III appeals the decision of the trial court granting a directed verdict in favor of the defendant, Herbert Lonegrass, Jr. Mason sued Lonegrass for $1,384.50 in unpaid wages, together with 90 days wages (LSA-R.S. 23:632) and $1,000.00 in attorney’s fees. At trial Mason offered his testimony and his witness, Donna Bramat, after which, Lonegrass moved for a directed verdict asserting that Mason failed to establish by the preponderance of the evidence that he was employed by Lonegrass. Instead, Lonegrass successfully argued before the trial court that Mason was employed by Fish Finders, Inc. After Mason rested his case, the trail court granted Lonegrass’ motion for a directed verdict, the merit of which is presented to us for review.[1]
The single issue in this case is whether Mason was employed by the party defendant, Lonegrass or by a non-party, Fish Finders, Inc.
Fish Finders Industries, Inc., is a Florida based corporation which franchises fishing magazines in different states. Ed Snelling had the franchise for Louisiana and Mason started working in July 1984. He was given a certain territory in which he called upon businesses, that sold fishing equipment and marinas, seeking to have them advertise in the Louisiana Fish Finder Magazine. Mason also wrote articles, took and gathered pictures, etc. for the magazine.
He was paid a commission on the advertising he sold.
Sometime during the month of January, 1985, Snelling sold the franchise to Lone-grass.
*91 Snelling was the Louisiana franchise owner of the magazine, “Louisiana Fish Finder Magazine” and was its editor. Mason reported to Snelling and was paid by Snelling, and when Lonegrass purchased the franchise, Mason continued with his regular employment duties of selling advertisements and gathering photographs for Lonegrass. Lonegrass utilized the labor and effort of Mason when he used his articles, published his photographs and entered the advertisements sold by him in his magazine. In fact, Lonegrass listed Mason as a Field Editor in the February, 1985 issue. Interestingly, Mason even helped Lonegrass to “lay out the magazine” and showed him how to do that work.
There is no doubt that Lonegrass received an economic benefit from the efforts of Mason. Through Mason's labor, Lone-grass has been enriched and now Lone-grass cannot come before us and deny Mason’s remuneration for his work.
There is sufficient evidence in the record which supports Mason’s position that he was working for Lonegrass. Found in Lo-negrass’ answer, Paragraph IV, he clearly “admits that Mason was employed” by him until January 21, 1985. Lonegrass should not be allowed to conveniently deny this employment relationship.
L.S.A.-C.C.P. art. 1672(B) provides:
“B. In an action tried by the court without a jury, after the plaintiff has completed the presentation of his evidence, any party, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal of the action as to him on the ground that upon the facts and law, the plaintiff has shown no right to relief. The court may then determine the facts and render judgment against the plaintiff and in favor of the moving party or may decline to render any judgment until the close of all the evidence.”
The appropriate standard for the trial court’s determination of a motion for involuntary dismissal is whether the plaintiff has presented sufficient evidence on his case-in-chief to establish a claim by a preponderance of the evidence. In such cases, we should not reverse the trial court in the absence of manifest error. Succession of Jacque, 424 So.2d 1152 (La.App. 1st Cir.1982).
Here we find that the trial court was in error to grant a dismissal in favor of the defendant.
Accordingly, we vacate the judgment and remand for further proceedings. All costs to be determined by the final decision.
VACATED AND REMANDED.

. Although the trial judge and the attorneys herein referred to a directed verdict, we assume that they mean an involuntary dismissal as per C.C.P. Art. 1672(B).